E. G. GILMER ET AL. v. FRANKLIN PARK IMPROVEMENT COMPANY.

(Filed 15 December, 1915.)

**1. Contracts—Parol Guaranty—Statute of Frauds.**

The plaintiff leased a hotel from the owner, a corporation, with the privilege of purchase. Default being made, the property was sold. The plaintiff seeks, in his action, to hold the defendant liable on his oral statement that he and another were the owners of 95 per cent of the stock, and that he, the plaintiff, would not be interfered with, etc.: *Held*, the guarantee was void under the statute of frauds, Revisal, 974.

**2. Contracts of Sale—Breach—Verdict—Damages—Appeal and Error.**

The defendant corporation contracted to sell its hotel to the plaintiff, but was prevented from doing so by default and foreclosure of the mortgage: *Held*, under the circumstances of this case, the verdict of the jury, under the conflicting evidence, undisturbed by the trial judge, was conclusive on the amount stated.

APPEAL by both parties from *Shaw, J.*, at April Term, 1915, of CABARRUS.

The plaintiffs, on 29 March, 1912, leased the hotel property at Bre-
vard, N. C., from the defendant company for one year with the privilege
of renewal for two years. At the same time the defendant company
gave the plaintiff an option to purchase the property at the price of
$15,000, reserving, however, the right to sell it at not less than $18,500,
and in case it exercised that right to sell, it agreed to pay the plaintiff
one-half the sum they might receive from the sale of the property in
excess of $15,000.

At the time the contract was made there was a mortgage on the prop-
erty for $8,000. It was in evidence that the plaintiff, Gilmer, express-
ing an unwillingness to lease the property with a mortgage on it, the
defendant Robinson, president of the corporation, replied: "Me and
Smith (the secretary, who was also codefendant) own 95 per cent of
the stock. You will be protected and never interfered with." The
defendant Robinson, the plaintiffs allege, led them to believe that the
defendant corporation was insolvent, but that he and Smith were solvent
and would protect the plaintiffs' lease.

The plaintiffs sublet in April, 1912, for $2,000, with the privilege of
renewal for two years, and paid the stipulated rent of $1,200. In
August, 1912, the defendant corporation · defaulted in payment of the
semiannual interest of $240. The mortgagee wrote to Robinson three
times, asking if he desired the loan extended, and received no reply.
The mortgagee testified that the loan would have been extended indefi-
nitely if interest had been paid. In November, 1912, the mortgage was
foreclosed. The defendants gave the plaintiffs, who resided in another
section of the State, and the hotel being closed, no notice of the sale
and no opportunity to protect their rights. In August the plaintiffs
had notified Robinson that they would purchase the property under their
option. Defendant Smith attended the foreclosure sale and ran the
property up to about $15,795, and it was then bought by Cleveland &
Williams for $15,800 cash.

The plaintiffs brought this action and joined the defendants, Smith
and Robinson, as guarantors from loss or damage on account of the
breach of contract. The plaintiff entered a nonsuit as against Smith.
The jury, on the issues submitted by the court, found that "The defend-
ant, the Franklin Park Improvement Company, procured the sale of the
property described in the complaint in violation of their contract, as
alleged in the complaint, and that the plaintiffs were entitled to recover
of said company for breach of said contract $1,750," and from the
judgment thereon the defendants appealed.

The court, being of opinion that the defendant Robinson was not
liable on his verbal guarantee, directed the jury not to answer the issues
as to his liability. To this the plaintiffs excepted and appealed.

HEMPHILL *v.* R. R.

*John W. Hutchinson and R. D. Gilmer for plaintiffs.*

*Duckworth & Smith, L. T. Hartsell and Thaddeus A. Adams for defendants.*

CLARK, C. J. This case was fully and ably argued by counsel on both sides, who also filed very elaborate briefs, showing their interest in the cause and the study which they had given it. But upon consideration of the whole case we do not find any error.

The first issue was purely as to a matter of fact, and, there being evidence to support the plaintiffs' contention, the verdict, undisturbed by the judge, is conclusive. It follows that, as to the second issue, $1,750 was the correct amount of the damage.

The judge was also correct as to his ruling that under the statute of frauds, Rev., 974, the guarantee of Robinson, if made, was oral, and therefore could not be enforced.

No error.

WALKER, J., dissents in part.